CONTINENTAL CONST. CO. v. CITY OF ALTOONA.

(Circuit Court of Appeals, Third Circuit. January 25, 1899.)

No. 47, September Term.

1. MUNICIPAL CORPORATIONS—CONTRACTS—AUTHORITY TO MAKE.

The board of commissioners of the water department of cities of the third class having no power, under Act Pa. May 23, 1889, to enter into a contract for the construction of a water reservoir without previous consent of the city councils, such power is not conferred by an ordinance authorizing the issue of water bonds, and resolutions authorizing the commissioners to have plans prepared for the reservoir, and to advertise for bids therefor.

2. SAME—CONTROLLER'S CERTIFICATE.

The requirement of Act Pa. May 23, 1889, art. 9, § 5, that no contract by a city of the third class, requiring the appropriation of money, shall

take effect until the controller shall certify thereon that the estimated cost of the work has been charged against the proper item of appropriation, cannot be dispensed with by the councils or electors.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by the Continental Construction Company against the city of Altoona for damages for breach of a contract between plaintiff and the city, by its board of commissioners of the water department, for the construction of an impounding reservoir. There was a compulsory nonsuit at the close of the plaintiff's case. A motion to strike it off was denied, and plaintiff brings error. Affirmed.

The following is the opinion of the court below (ACHESON, Circuit Judge):

Under the provisions of the act of Pennsylvania of May 23, 1889, for the incorporation and government of cities of the third class, the power to enter into such a contract as the one declared on is not vested in the board of commissioners of the water department, without the previous consent and direction of city councils. There is, I think, no evidence of the previous consent of councils to the contract here in question, or of any subsequent ratification of it. Neither the ordinance of April 14, 1891, for an election to authorize an increase of the city debt and for the issue of water bonds, the resolution of August 1, 1892, for the preparation of plans and specifications for the contemplated work, nor the ordinance of October 17, 1892, directing the water commissioners to advertise for bids, conferred authority upon the board of water commissioners to enter into a contract for the construction of an impounding reservoir. Nor did all these ordinances, taken together, confer such authority on that board. To advertise for bids is one thing, but to bind the city by the acceptance of one of several bids is quite a different thing. I am of opinion that the city of Altoona was not bound by the contract which the water commissioners undertook to enter into with the plaintiff, for lack of legal authority in the commissioners to make such contract.

Moreover, there is an entire want of any certificate by the city controller, as prescribed by the act of May 23, 1889, and declared by the supreme court of Pennsylvania, in the case of City of Erie v. Moody, 176 Pa. St. 478, 35 Atl. 136, to be essential to the validity of such a contract as that here in question. I do not see that such a certificate was dispensed with by anything that was done by the councils or the electors of the city. Indeed, the prescribed certificate by the controller could not thus be dispensed with.

The plaintiff company did no work whatever under the alleged contract. This suit is wholly for the recovery of damages for a breach by the city of the alleged contract set up by the plaintiff. The complaint is that the city councils would not permit the plaintiff to do the work, but repudiated the contract that the water commissioners had undertaken to enter into. I am of opinion that the plaintiff has failed to show any right of action, and the defendant's motion for a nonsuit must be allowed.

L. Laflin Kellogg, for plaintiff in error.

Geo. B. Bowers and Wm. M. Hall, Jr., for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and BRADFORD, District Judges.

DALLAS, Circuit Judge. This was an action in the circuit court for the Western district of Pennsylvania to recover for the breach of a contract alleged to have been made by the defendant in error. The court below entered a judgment of compulsory nonsuit, which it subsequently refused to strike off, and thereupon this writ of error was sued out. We are all of opinion that the action of the court

below was right. The contract alleged never had any legal existence, and this is so clearly demonstrated by the opinion of the learned judge that further discussion of the subject would be superfluous. The judgment is affirmed.